# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| EVELYN QUINN, | : | |
| Plaintiff, | : | Case No. 3:09cv00138 |
| vs. | : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |
| UNITED REHABILITATION SERVICES, et al., | : | |
| | : | |
| Defendants. | | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

On April 8, 2009, the Court granted Plaintiff Evelyn Quinn's Application to Proceed *in forma pauperis* (IFP) under 28 U.S.C. §1915. This case is now before the Court for a *sua sponte* review to determine whether her pro se Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a named defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2)(B).

In enacting the original IFP statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress authorized the United States District Courts to dismiss an *in forma pauperis* Complaint if the action is frivolous or malicious. *Denton*, 504

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

U.S. at 31; *see* 28 U.S.C. §1915(e)(2)(B)(i).

Reviewing a Complaint under §1915(e)(2)(B), the Court resolves whether it raises a claim with a rational or arguable basis in fact or law. *See Neitzke,* 490 U.S. at 328-29. If it does not, it is frivolous or malicious and subject to dismissal. *See id.*; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A Complaint has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible." *See Denton,* 504 U.S. at 32; *see also Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of Complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §1915(2)(B)(ii). A *pro se* Complaint fails to state a claim upon which relief can be granted if – accepting the factual allegations as true and liberally construing them in the plaintiff's favor – the Complaint provides "more than labels and conclusions...." *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (quoting in part *Bell Atlantic v. Twombly*, 550 F.3d 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)); *see Evans-Marshall v. Bd. of Education of Tipp City*, 428 F.3d 223, 228 (6th Cir. 2005). "'[A] formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level.'" *Gunasekera*, 551 F.3d at 466 (quoting *Twombly*, 550 F.3d 544, 127 S.Ct. at 1964-65); *see Evans-Marshall*, 428 F.3d at 228.

A Complaint containing facts creating only "a *suspicion* of a legally cognizable right of action is insufficient." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). Yet the Complaint is not measured by a standard requiring "heightened fact pleading of specifics...." *Bassett v. National Collegiate Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008)(quoting in part *Twombly*, 127 S.Ct. at 1965). It needs "only enough facts to state a claim to relief that is plausible on its face.'" *Id.*

Plaintiff's Complaint should not be dismissed in its entirety because she raises

2

sufficient factual allegations to state a plausible claim that her former employer, United Rehabilitation Services, Inc., discriminated and/or retaliated against her in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2, *et seq*. *See* Doc. #2 at 5-6, Exhibit 2 at 1-2; *see also Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510-14 (2002)(Title VII Complaint need not specifically allege facts to establish each element of a *prima facie* case of discrimination).

However, Plaintiff's claims against Dennis Grant and Joanne Crawson should be dismissed to the extent she asserts they are liable for harassment, discrimination, and retaliation in violation of Title VII. "An individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Wathen v. General Electric Co.*, 115 F.3d 400, 405 (6th Cir. 1997). Plaintiff's Complaint therefore fails to state a plausible Title VII claim against Dennis Grant and Joanne Crawson. *See id*.

Plaintiff's Complaint also seeks to raise claims against the Ohio Civil Rights Commission. She alleges, "It took the Civil Rights Commission one year to tell me that anyone can get fired for any reason at anytime, and the[re] is nothing I can do about it. This was said by Teresa Stout my investigator." (Doc. #2 at 6). Plaintiff also alleges that Teresa Stout's manager, Mr. Kitwang, told Plaintiff that he could not do anything about her case and that Mr. Kitwang also directed Plaintiff not to "bad mouth me or Teresa." *Id*. Plaintiff further maintains that Teresa Stout "never took time to see what was in my charge packet that URS [United Rehabilitation Services, Inc.] sent her concerning my case. URS ethics is about confidentiality. URS gave Ohio Civil Rights Commission confidential information on three previous employees. This was in my charge packet that I paid for." *Id*.

Accepting Plaintiff's allegations as true and construing her pro se Complaint liberally in her favor does not reveal the presence of information sufficient to show that the Ohio Civil Rights Commission was Plaintiff's employer. Instead, the Complaint identifies only United Rehabilitation Services, Inc. as her employer. Because of this, the Complaint fails to

state a plausible Title VII claim against the Ohio Civil Rights Commission. *See* 42 U.S.C. §2000e-2(a)(1) (making it "an unlawful employment practice <u>for an employer</u>..." (emphasis added) to engage in certain discriminatory acts against its employees).

Additionally, Plaintiff's allegation that the Ohio Civil Rights Commission failed or refused to investigate her charges against United Rehabilitation Services does not state a plausible claim under 42 U.S.C. §1983. As one Court has explained, "any claimed 'breach of the duty' to investigate [by the EEOC or the Ohio Civil Rights Commission] does not give rise to a constitutional violation amounting to the deprivation of property or liberty interests because dissatisfied plaintiffs have an alternative to seek redress of the alleged discriminatory conduct by *de novo* review." *Rhoades v. Ohio Civil Rights Com'n.*, 2007 WL 1822283 at*5 (N.D. Ohio 2007); *see Johnson v. Ohio Civil Rights Com'n.*, 2007 WL 148855 (S.D. Ohio 2007)(Kemp, M.J.)(same and recommending sua sponte dismissal of Complaint against Ohio Civil Rights Commission).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's claims against Dennis Grant, Joanne Crawson, and the Ohio Civil Rights Commission be DISMISSED under 28 U.S.C. §1915(e)(2)(B); and

2. Plaintiff's Title VII claim(s) against United Rehabilitation Services, Inc. not be dismissed under 28 U.S.C. §1915(e)(2)(B), and the Clerk of Court be directed to effect service of summons and the Complaint upon United Rehabilitation Services, Inc. as directed by Plaintiff.

April 9, 2009                          s/ Sharon L. Ovington
                                                        Sharon L. Ovington
                                         United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).